IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. SCOTT, JR. and | * | |
| DONNA SCOTT, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | No. 2:07CV00042 SWW |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**Memorandum Opinion and Order**

Before the Court is defendant's motion to dismiss to which plaintiffs responded. For the reasons stated below, the motion is denied.

**Background**

Plaintiffs are husband and wife. Mr. Scott suffers from diabetes, and in the summer of 2003, was treated for hypertension and hyperlipidemia as well as panic disorder and Meniere's Syndrome. During November 2003, he was found to be suffering from some left ventricular hypotrophy and placed on medication. Sometime prior to April 2004, Mr. Scott and his son were convicted in federal court and sentenced to two-months incarceration. On or about April 20, 2004, in preparation for his incarceration, Mr. Scott visited his family physician, Dr. Segars. Dr. Segars wrote a letter dated April 21, 2004, addressed To Whom It May Concern, advising that Mr. Scott suffered from osteoarthritis, hyperlipidemia, NIDDM, hypertension, and chronic anxiety. He also listed the Mr. Scott's medications.

Mr. Scott began service of his sentence on April 26, 2004. The institution did not have

his medications. On April 29, 2004, Mr. Scott apparently suffered a stroke and was taken to a local hospital. He was discharged from the hospital on May 3, 2004. Mrs. Scott was unaware of Mr. Scott's hospitalization until May 1, 2004. He was released from prison on June 22, 2004.

Plaintiffs filed this action on April 2, 2007, under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Plaintiffs allege defendant was negligent in failing to provide Mr. Scott with his medications. They seek damages, attorney's fees, and costs. Defendant seeks dismissal based on plaintiffs' alleged failure to comply with sections of the Arkansas Code applicable to actions for medical injury.

## Discussion

The applicable law under the Federal Tort Claims Act is the substantive law of the state where the wrongful conduct occurred. 28 U.S.C. § 1346(b)(1). A plaintiff's burden of proof for a medical malpractice action is set out in Ark. Code Ann. § 16-114-206(a):

> (a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
> (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or specialty in the locality in which he or she practices or in a similar locality;
> (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and
> (3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Further, the Arkansas medical malpractice statute provides:

> (b)(1) In all cases where expert testimony is required under § 16-114-206, reasonable cause for filing any action for medical injury due to negligence shall be established only by the filing of an affidavit that shall be signed by an expert

engaged in the same type of medical care as is each medical care provider defendant. Ark.Code Ann. § 16-114-209(b)(1).  When an affidavit is required under § 209(b)(1), the statute provides that a plaintiff has thirty days to comply or the complaint "shall be dismissed by the court."  *See* § § 16-114-209(b)(3)(A) and (B).

Defendant argues plaintiffs' complaint should be dismissed because they did not submit an affidavit from a medical expert in support of their allegations within thirty days of filing their complaint.  Plaintiffs argue this requirement has been held unconstitutional and, in the alternative, is procedural not substantive law.

In *Summerville v. Thrower,* No. 06-501, 2007 WL 766319 (Ark. March 15, 2007), the Arkansas Supreme Court held that the subsection requiring a reasonable cause affidavit be submitted in support of a complaint alleging medical negligence is a matter of procedure and in conflict with Rule 3 of the Arkansas Rules of Civil Procedure.  The court held that the provision for dismissal if an affidavit does not accompany a complaint within thirty days of filing "add[s] a legislative encumbrance to commencing a cause of action that is not found in Rule 3 of [Arkansas's] civil rules." 2007 WL 766319 at *6.  The court struck the thirty-day provision "as directly in conflict with Rule 3 . . . and this court's authority under Amendment 80 of the Arkansas Constitution."  *Id.*

The Court finds the motion to dismiss should be denied because the Arkansas Supreme Court has declared the statute on which defendant relies a rule of procedure and unconstitutional.

## Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss [docket entry 3] is denied.

DATED this 1st day of August, 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE